People v Pollaro (2018 NY Slip Op 04766)





People v Pollaro


2018 NY Slip Op 04766


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-11228

[*1]People of State of New York, respondent,
v
Frank Pollaro, appellant.


Richard B. Stafford, Bohemia, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated September 20, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.
On November 19, 2009, the defendant was arrested by federal law enforcement officials and charged with, inter alia, possession of child pornography. In 2011, in the United States District Court for the Eastern District of New York, the defendant entered a plea of guilty to one count of possession of child pornography. Thereafter, the New York State Board of Examiners of Sex Offenders (hereinafter the Board) evaluated the defendant for registration as a sex offender by preparing a risk assessment instrument and case summary. The defendant's score on the risk assessment instrument fell within the range of a level one sex offender. However, the Board recommended an upward departure to a level two designation. After a hearing to determine the defendant's risk level, the County Court granted the People's application for an upward departure, and designated the defendant a level two sex offender. The defendant appeals.
Contrary to the County Court's determination, the People failed to prove the existence of the claimed aggravating circumstances by clear and convincing evidence (see People v Gillotti, 23 NY3d 841, 862). In any event, the court should have refused to depart since, under the totality of the circumstances, to adjudicate the defendant as a level two sex offender would over-assesses the defendant's dangerousness and risk of sexual recidivism (see id. at 861).
In light of our determination, we need not reach the defendant's remaining contention.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court